UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**PAUL DOMINO ET AL**                             **CASE NO. 3:20-CV-01365**

**VERSUS**                                        **JUDGE TERRY A. DOUGHTY**

**SPARTAN ADVENTURE PARK L L C ET AL**   **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss for prescription by Golden Bear Insurance Co. ("Golden Bear") and Spartan Adventure Park, LLC ("Spartan"). [doc. # 9]. The motion is opposed. [doc. # 11]. For the following reasons, it is recommended that the motion to dismiss be GRANTED, and Plaintiffs' claims DISMISSED WITH PREJUDICE.

### Background

Defendant Spartan was the owner and operator of Spartan Adventure Park, a trampoline park located in Monroe, Louisiana. Paul and Abby Domino are the parents of the minor child, J.D. [doc. # 11]. On May 9, 2019, J.D., an elementary school student, was on a field trip with his class at Spartan Adventure Park. [doc. # 11, p. 1]. He was playing on the seesaw when he fell, hitting his head on a platform and fracturing his neck, nose, and spinal cord. [doc. # 11, p. 2].

J.D. was hospitalized from May 9, 2019, to May 11, 2019. [doc. # 11, p. 2]. On March 11, 2020, Governor Edwards issued Proclamation Number JBE 2020-25, declaring a statewide public health emergency due to Covid-19. [doc. # 11-1]. On March 16, 2020, Governor Edwards issued Proclamation Number JBE 2020-30, suspending legal deadlines, including prescriptive and preemptive periods. [doc. # 11-2]. On June 4, 2020, the order suspending prescription was extended through July 5, 2020, by Proclamation Number JBE 2020-75. [doc. # 11-3]. On June 9,

2020, the Louisiana Legislature passed legislation ratifying Governor Edwards' proclamations subject to certain limitations. The statute states:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

LA. REV. STAT. 9:5829(A). Plaintiffs did not file their petition on July 6, 2020.

On August 28, 2020, the Louisiana Supreme Court issued an emergency order suspending all prescriptive and peremptive periods statewide for a period of thirty days commencing from Governor Edwards' August 21, 2020 declaration of a state of emergency due to Hurricane Laura. [doc. # 11-4].

Plaintiffs filed their petition on September 18, 2020. [doc. # 1-1]. Defendants removed the case to Federal Court on October 26, 2020, based on diversity jurisdiction. [doc. # 1]. On November 25, 2020, Defendants filed a motion to dismiss, arguing that Plaintiffs' claims prescribed on July 6, 2020, pursuant to La. Rev. Stat. 9:5629. [doc. # 9].

Plaintiffs filed a memorandum in opposition to the motion on December 21, 2020, arguing that La. Rev. Stat. 9:5629 is inapplicable because it would unconstitutionally deprive them of a vested right. [doc. # 11]. Plaintiff claims that, pursuant to the Governor's order, the

2

running of prescription was suspended from March 17, 2020 until July 5, 2020, and therefore 53 days remained after July 5, 2020 to file their claim. [doc. # 11]. Because prescription was suspended again for 30 days by the Louisiana Supreme Court due to Hurricane Laura, Plaintiffs claim that their September 18, 2020 petition was timely. [doc. # 11]. Defendants filed a reply on December 29, 2020. [doc. # 14]. This matter is ripe.

## Law and Analysis

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. *Evett v. PPG Indus., Inc.*, No. CIVA 06-1247, 2006 WL 2700712, at *1 (W.D. La. Sept. 19, 2006)(quoting *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995)). While failure to provide facts to support a claim may lead to dismissal under Rule 12(b)(6), the court must construe the complaint liberally. *Id*. (citing *Kane Enters. v. MacGregor (USA) Inc*., 322 F.3d 371, 374 (5th Cir. 2003)).

Under Rule 12(b)(6), a court may "dismiss a claim on the basis of a dispositive issue of law." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). A prescriptive period "may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Id.* (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). The prescriptive period for a delictual action under Louisiana law is one year, commencing to run from the day the injury is sustained. LA. CIV. CODE ART. 3492; *see also Rader v. Cowart*, 543 F. App'x 358, 361 (5th Cir. 2013)( "[a] cause of action accrues . . . when the plaintiff knows or has reason to know of the injury which is

the basis of the action.") Further, "[p]rescription runs against all persons unless exception is established by legislation." LA. CIV. CODE ART. 3467.

Ordinarily, the party raising the exception prescription has the burden of proof; "however, if the exception of prescription is raised and prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show suspension, interruption, or renunciation." *Brown v. Thuc Bao Thi Tran*, 2009-1117, p. 1 (La. App. 1 Cir. 12/23/09), 2009 WL 4981472, at *1 (citing *SS v. State ex rel. Dept. of Social Servs.*, 2002-0831, pp. 6-7 (La. 12/4/02), 831 So. 2d 926, 931).

1. **Governor's Executive Orders**

To show suspension, Plaintiffs rely upon Governor Edwards' Proclamation Number JBE 2020-30, issued on March 16, 2020, which states that "[l]egal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings in all courts, administrative agencies, and boards, are hereby suspended until at least Monday, April 13, 2020." [doc. # 11-2, p. 4]. That proclamation further states that "all of these additional restrictions and suspensions will run concurrent with the term of the initial emergency declaration; however, such term shall be extended or shortened as circumstances dictate." [doc. # 11-2, p. 1]. On June 4, 2020, a subsequent order of the Governor stated that "[l]iberative prescriptive and preemptive [sic] periods applicable to legal proceedings in all courts, administrative agencies, and boards are suspended through July 5, 2020." [doc. # 11-3, p. 7].[1]

---

[1] Proclamation Number JBE 2020-75.

According to Louisiana Civil Code article 3472, "[t]he period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." LA. CIV. CODE ART. 3472. Thus, Plaintiffs are correct that Proclamation Number JBE 2020-30 and subsequently JBE 2020-75 suspended the running of prescription. Governor Edwards' proclamations were in effect from March 16, 2020, until June 8, 2020.

2. **Legislature's Ratification**

However, on June 9, 2020, the Louisiana Legislature passed legislation "approv[ing], ratif[ying], and confirm[ing]" Governor Edwards' Proclamation JBE 2020-30 and any extensions thereof, but also added certain limitations. LA. REV. STAT. 9:5828(B). The statute provides in part:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

LA. REV. STAT. 9:5829(A).

The enactment of La. Rev. Stat. 9:5828-5830 retroactively limited Governor Edwards' Proclamation in scope by narrowing the category of claims to which it applies and by limiting the relief from liberative prescription. Under Louisiana Civil Code Article 6, "[i]n the absence of

5

contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." LA. CIV. CODE ART. 6. Here, the legislature expressed clear intent for this statute to be retroactive. *See* 2020 La. Sess. Law Serv. Act 162, § 3 (H.B. 805)(West)("This Act is declared to be interpretative, curative, and procedural and therefore is to be applied retroactively as well as prospectively.") Accordingly, the next question is whether the enactment impairs any contractual obligations or vested rights. *Keith v. U.S. Fidelity & Guar. Co.*, 96-2075, p. 6 (La. 5/9/97), 694 So. 2d 180, 183 ("[Louisiana Civil Code] Article 6 requires a two-fold inquiry. First, we must ascertain whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends unless the enactment impairs contractual obligations or vested rights."); *see also Bourgeois v. A.P. Green Indus., Inc.,* 2000-1528, pp. 6-7 (La. 4/3/01), 783 So. 2d 1251, 1257-58 (holding that if legislative intent is expressed in the act regarding retroactive or prospective application, the classification of the act by the court as substantive, procedural, or interpretive does not occur and the court must defer to the intent expressed, subject to constitutional limitations).

   3. **Constitutional Considerations: Impact on Vested Rights**

Under La. Rev. Stat. 9:5828-5830, Plaintiffs' claims would have prescribed on July 6, 2020. However, Plaintiffs claim that this legislation limiting the Governor's proclamations cannot be applied because it would violate due process and deprive Plaintiffs of a vested right. Statutes are presumed to be constitutional and the burden of proving that an act of the legislature is unconstitutional is on the party attacking that act. *Soloco, Inc. v. Dupree*, 97-1256, p. 3 (La. 1/21/98), 707 So. 2d 12, 14. The Louisiana Court of Appeal for the First Circuit has stated:

> A right is 'vested' when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. It must be absolute, complete, unconditional, and independent of a contingency; the mere expectation of a future benefit or contingent interest in property does not create a vested right.

P. Raymond Lamonica & Jerry G. Jones, 20 LA. CIV. L. TREATISE, LEGIS. LAW & PROC. § 6:4 *Retroactivity of legislation—A brief overview* (2020 ed.)(quoting *Matter of American Waste and Pollution Control Co.*, 597 So. 2d 1125 (La. Ct. App. 1st Cir. 1992)). The Louisiana Supreme Court has stated that the "legislature has always enjoyed the power to create new rights and abolish old ones as long as it does not interfere with vested rights." *Id.* (quoting *Morial v. Smith & Wesson Corp.*, 785 So. 2d 1, 28–29 (La. 2001)).

A cause of action accrues when a party has the right to sue. *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1063–64, n.15 (La. 1992). Once a cause of action accrues, it becomes a vested property right. *Bourgeois,* 783 So. 2d 1251, 1259; *Lott v. Haley*, 370 So. 2d 521, 524 (La. 1979). However, the time for filing, *i.e.*, the prescriptive period, is not a vested right. *See Bourgeois*, 783 So. 2d 1251, 1257-58; *Dupree*, 707 So. 2d 12, 14. Statutes of limitations are generally considered retroactive and apply to causes of actions that accrue prior to enactment, regardless of whether the legislation shortens or extends the period of prescription. Lamonica & Jones, *supra* (citing *Lott*, 370 So. 2d at 523).

The Louisiana Supreme Court has held that "a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights." *Lott*, 370 So. 2d at 524 (citing *Cooper v. Lykes*, 49 So. 2d 3 (1950); *State v. Recorder of Mortgages*, 173 So. 139 (1937)). Further, "the legislature is the judge of the

7

reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice." *Id.* (citing *Cooper*, 49 So. 2d 3).[2]

There have been other instances prior to the Covid-19 pandemic where Louisiana governors have issued executive orders suspending prescription. For example, in response to Hurricane Katrina, Governor Blanco issued several executive orders suspending liberative prescription and peremptive periods. *See* Executive Order KBB 2005-32; Executive Order KBB 2005-48; KBB 2005-67. Her executive orders were later "approved, ratified, and confirmed" by La. Rev. Stat. 9:5821-5822, but these statutes also added an exception to the suspension by ending all suspensions on January 3, 2006. LA. REV. STAT. 9:5821-5822. Specifically, they limited the prescriptive suspensions, so that "any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006." LA. REV. STAT. 9:5821-5822. To date, courts have generally given effect to such executive orders suspending prescription and subsequent legislative modifications to the suspensions without discussion of potential constitutional issues. *See, e.g., Harris v. Stogner*, 2007-1451, pp. 2-3 (La. 11/9/07), 967 So. 2d 1151, 1152; *Carmena v. E. Baton Rouge Sheriff's Dep't*, 2007-0300, p. 2 (La. App. 1 Cir. 2/8/08), 2008 WL 383383, at *2, *writ denied*, 2008–0567 (La. 5/2/08), 979 So. 2d 1286.

---

[2] For example, in *Falgout v. Dealers Truck Equipment Company*, the Louisiana Supreme Court held that where a statute would have applied retroactively to shorten the prescriptive period, and the statute did not supply a reasonable time period during which those affected could assert their rights, the statute applied prospectively only. *Falgout v. Dealers Truck Equipment Co.*, 98-3150, p. 12 (La. 10/19/99), 748 So. 2d 399, 408. The court cannot jurisprudentially create a grace period in prescriptive statutes where none was legislatively provided. *Cheron v. LCS Corrections Servs., Inc.*, 2004-0703, pp. 12-13 (La. 1/19/05), 891 So. 2d 1250, 1258; *Maltby v. Gauthier*, 506 So. 2d 1190, 1193 (La. 1987). Accordingly, the statute in *Falgout* was unconstitutional because it contained no "grace period" and the court was unable to supply one; a statute that shortens liberative prescription or peremption must contain a reasonable grace period as written. *See Falgout*, 748 So. 2d 399, 408.

Here, the Louisiana Legislature did shorten the prescriptive period of Plaintiffs' claims by limiting the Governor's proclamations with the enactment of La. Rev. Stat. 9:5628-5630. However, the legislature also provided an adequate grace period in which affected persons could still timely file their claims. The statute limiting the Governor's order was enacted on June 9, 2020; thus, Plaintiffs had nearly one month to file their claim before it prescribed on July 6, 2020. Accordingly, the Plaintiffs were not impermissibly deprived of a vested right because they had a reasonable opportunity or "grace period" to assert their claims, and their claim prescribed on July 6, 2020.

### 4. The August 28, 2020 Louisiana Supreme Court Order

The Louisiana Supreme Court has held that "prescription cannot be suspended after it has run." *See Geiger v. Dep't of Health & Hosp.*, 01-2206 (La. 04/12/02), 815 So. 2d 80, 83. Since prescription of Plaintiffs' claims ran on July 6, 2020, the August 28, 2020 order of the Louisiana Supreme Court does not apply and cannot suspend or otherwise revive Plaintiffs' claims.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss [doc. # 9] be GRANTED, and Plaintiffs' claims DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE in Chambers on this 31st day of March, 2021.

                                              _____
                                              KAYLA DYE MCCLUSKY
                                              UNITED STATES MAGISTRATE JUDGE